NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1795
_____

UNITED STATES OF AMERICA

v.

JASPREET KAUR,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00546-002)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2013

Before:  AMBRO, HARDIMAN, and COWEN, Circuit Judges

(Opinion filed: April 24, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

Appellant Jaspreet Kaur appeals the District Court's order of judgment for her

conviction for one count of conspiracy to commit money laundering in violation of 18

U.S.C. § 1956(h) and twelve counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). For the reasons below, we affirm the District Court's judgment.[1]

The Government argued at trial that Kaur engaged in a series of money laundering transactions at the urging of her codefendant, Mohit Vohra, after his arrest for transporting drugs. In pertinent part, Vohra was transporting a significant quantity of cocaine in his 18-wheel truck during a March 21, 2009 traffic stop. Four days following this stop, two checks made out to Kaur were issued from Vohra's business checking account totaling $86,500. Both checks contained memos suggesting they were issued as loan repayments, though a financial analyst testified at trial that there was no evidence of any loan between Vohra and Kaur. These checks were rejected by Vohra's bank because the authorizing signature appeared invalid.

Between March 26, 2009 and March 31, 2009, Vohra phoned Kaur ten times from the federal detention center. On March 30, an officer returned some of Vohra's personal property to Kaur, and explained to her that Vohra had been arrested with "a lot of cocaine in his car." App. at 258. That same day, Kaur began a series of online transfers from Vohra's personal checking account to her own. These transfers culminated on July 10, 2009, and eventually totaled $52,400. Four telephone conversations between Vohra and Kaur in August 2009 were read to the jury. Notably, in one of those calls, Vohra stated to Kaur: "Do this, empty my bank." App. at 284.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

2

Kaur first argues that her motion for acquittal should have been granted, as there was insufficient evidence to support her convictions for money laundering and conspiracy to commit money laundering. When we review a jury verdict for sufficiency of the evidence, "'we must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'" *United States v. Gatlin*, 613 F.3d 374, 380 (3d Cir. 2010) (quoting *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993)). In particular, Kaur argues that there was no evidence introduced against her proving that the funds at issue were actually the proceeds of illegal drug sales. *See United States v. Morelli*, 169 F.3d 798, 804 (3d Cir. 1999) (explaining that money laundering must "involv[e] the proceeds of specified unlawful activity").

Viewing the evidence in the light most favorable to the Government, we conclude that there is sufficient circumstantial evidence to establish that these funds were the proceeds of illegal drug sales. As the District Court concluded, "the structure of the all-cash deposits and Vohra's participation in a large-scale and dangerous drug transport scheme . . . tended to prove that he had been involved with drugs in the past." *United States v. Vohra*, No. 09-546, 2012 WL 1578105, at *8 (E.D. Pa. May 4, 2012). Moreover, the reoccurring nature of the deposits—distinct from Vohra's reported sources of income—tends to suggest the existence of illegal financial activity. And the amount eventually withdrawn ($52,400) was nearly identical to this amount attributable to unknown sources ($52,600). Finally, as the District Court noted, Vohra's concern that the Government would block his account supports the illicit nature of those funds. Thus

3

the jury could conclude that the money in Vohra's accounts was the result of drug trafficking.

Kaur also argues that the District Court erred in refusing to grant her a separate trial from her co-defendant. We review a refusal to grant severance for abuse of discretion. *United States v. Hart*, 273 F.3d 363, 369 (3d Cir. 2001). "Participants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986). As such, severance should be granted "'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Silveus*, 542 F.3d 993, 1006 (3d Cir. 2008) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). And, even where a district court abuses its discretion in this regard, "reversal is not required absent a demonstration of 'clear and substantial prejudice resulting in a manifestly unfair trial.'" *United States v. Reyeros*, 537 F.3d 270, 286 (3d Cir. 2008) (quoting *Hart*, 273 F.3d at 370).

In addressing the necessity of severance, the issue is "'whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants.'" *Ward*, 793 F.2d at 556 (quoting *United States v. Wright-Barker*, 784 F.2d 161, 175 (3d Cir. 1986)). Kaur argues that a separate trial was warranted because the Government was seeking to introduce a prejudicial tape-recorded conversation between her co-defendant and a third-party "drug mastermind." In allowing the evidence to be

4

presented, the trial judge issued several instructions that the conversation was only admissible against Kaur's codefendant, and we see no indication that this was an exceptional case whereby the jury was unable to adhere to the straightforward directive to compartmentalize this conversation. *See, e.g.*, *Zafiro*, 506 U.S. at 540 ("[E]ven if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and 'juries are presumed to follow their instructions.'" (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987))). Kaur therefore has failed to carry her "heavy burden" in demonstrating that severance was required. *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quotation marks and citation omitted).

Finally, Kaur argues that she was denied a fair trial and is entitled to a new one due to prosecutorial misconduct in the Government's rebuttal comments to the jury. In his closing to the jury, Kaur's trial counsel explained that it was "commonsense" that "[d]rug dealers don't deposit their money in the bank," and that "one thing you will never find drug dealers doing[] is walking into a bank or mailing it to a bank, or putting it in an ATM machine." App. at 510. In rebuttal, the attorney for the Government explained to the jury that, "contrary to what [Kaur's attorney] says, [the Government attorney's] experience [was], and perhaps [theirs was,] that, indeed, drug dealers do deposit money into their bank accounts." *Id.* at 533. Trial counsel objected to the prosecutor's statement, and the District Court overruled the objection.

The Government concedes that, "[i]n a vacuum, this comment would be inappropriate," Appellee's Br. at 42, but that it was permissible as a direct response to Kaur's attorney's claim. When judging the effect of improper comments, "we must

5

apply a harmless error analysis, looking to see if 'it is *highly probable* that the error did not contribute to the judgment.'" *United States v. Mastrangelo*, 172 F.3d 288, 297 (3d Cir. 1999) (emphasis in original) (quoting *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995) (*en banc*). Here, we are confident that any such error did not contribute to the judgment. It is clear from the trial transcript that the prosecutor's statement was a direct response to Kaur's attorney's appeal to the jurors' common sense. Even assuming the Government did not have a particularly strong case overall, and though there were no curative instructions issued, we are nonetheless convinced that this comment was on its face—as a competing perspective to Kaur's attorney's suggestion—narrowly limited in its scope and relationship to the overall proceedings. *See United States v. Dispoz-O-Plastics, Inc.*, 172 F.3d 275, 286 (3d Cir. 1999) (noting factors to consider). We thus conclude that any error in regard to the Government's rebuttal comment was harmless.

In this context, we affirm the judgment of the District Court.